

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00259-CV

## IN THE INTEREST OF T.Z.S., A CHILD

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2004-388-5**

## MEMORANDUM  OPINION

On August 6, 2018, we received and filed a combined "Motion for Extension of Time to File Appeal and Notice of Appeal" from Appellant Lillie Ruth Williams, who is acting *pro se*. Appellant mailed the combined motion for extension of time/notice of appeal to this Court, and the envelope was postmarked by the U.S. Postal Service on August 1, 2018. The combined motion for extension of time/notice of appeal states that Appellant is appealing from the trial court's June 16, 2018 Order.

A notice of appeal must be filed within thirty days after the judgment is signed. TEX. R. APP. P. 26.1. The trial court's final judgment, *i.e.*, the "Order on Motion to Deny Relief and Dismiss," was actually signed on June 13, 2018. Therefore, Appellant's notice

of appeal was due to be filed by July 13, 2018. *See id.* Appellant acknowledges that it was not.

We may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant (a) files in the trial court the notice of appeal and (b) files in the appellate court a motion for extension of time to file the notice of appeal. *Id.* at 26.3. Therefore, we may extend the time to file Appellant's notice of appeal if she filed in the trial court her notice of appeal and filed in the appellate court a motion for extension of time to file her notice of appeal by July 30, 2018. *See id.* at 4.1(a) ("The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday."), 26.3. We may not otherwise alter the time for perfecting an appeal in a civil case. *Id.* at 2 ("[A]n appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule . . . to alter the time for perfecting an appeal in a civil case.").

Appellant's notice of appeal and her motion for extension of time to file appeal were filed *after* July 30, 2018. Accordingly, we must deny Appellant's motion for extension of time to file appeal. *See id.* at 26.3. Furthermore, the time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or timely filed motion for extension, we must dismiss the appeal. *See id.* at 25.1(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On August 21, 2018, the Clerk of this Court notified Appellant that this appeal was subject to dismissal for want of jurisdiction because it appeared that her notice of appeal and motion for extension of time to file appeal were not timely filed. The letter stated that the Court may dismiss the appeal unless, within ten days from the date of the letter, a response was filed showing grounds for continuing the appeal. Appellant filed a response, arguing that she timely filed her combined motion for extension of time/notice of appeal because she complied with the mailbox rule.

Rule of Appellate Procedure 9.2(b)(1) provides in pertinent part:

A document received within ten days after the filing deadline is considered timely filed if:

(A)   it was sent to the proper clerk by United States Postal Service . . . ;

(B)   it was placed in an envelope or wrapper properly addressed and stamped; and

(C)   it was deposited in the mail . . . on or before the last day for filing.

TEX. R. APP. P. 9.2(b)(1). Rule 9.2(b)(2) states that an appellate court will accept a legible postmark affixed by the U.S. Postal Service as "conclusive proof of the date of mailing." *Id.* at 9.2(b)(2). Here, the envelope containing Appellant's combined motion for extension of time/notice of appeal was postmarked by the U.S. Postal Service on August 1, 2018, which is not "on or before the last day for filing." *See id.* at 9.2(b)(1)(C).

Appellant responds that she has no control over the postmark and that she deposited her combined motion for extension of time/notice of appeal in the mail "on or before the last day for filing." But Appellant presents no *evidence* to rebut the postmark as the date of mailing.

Accordingly, this appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(b). Appellant's "Motion for Acceleration," "Motion for In Camera Interview," "Emergency Motion for Temporary Custody Alternatively Motion for Access and DFPS Evaluation," and "Motion for Appointment of Attorney Ad Litem" are dismissed as moot.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed September 26, 2018
[CV06]

